The Honorable David M. Haak State Representative 9 Wood Place Texarkana, AR 71854-3333
Dear Representative Haak:
You have requested an Attorney General opinion in response to the following questions:
 (1) Is the "certified over" procedure that is referred to in Attorney General Opinion No. 82-104 the same thing as the first appearance procedure of Rule 8.3 of the Arkansas Rules of Criminal Procedure?
 (2) If the response to Question 1 is yes, does Opinion No. 82-104 stand for the proposition that once this Rule 8.3 procedure occurs, the county is thereafter financially responsible for the incarceration costs of such incarcerated persons even though such incarcerated persons were initially arrested by city police officers and even though felony informations have not yet been filed against such incarcerated persons by the prosecuting attorney?
 (3) If the response to Question 2 is yes, is there any conflict between Opinion No. 82-104 and Opinion No. 91-409 in which the opinion was expressed that a prisoner arrested by city police remained a city prisoner until felony charges were filed against the prisoner?
RESPONSE
Question 1 — Is the "certified over" procedure that is referred to in Attorney General Opinion No. 82-104 the same thing as the first appearance procedure of Rule 8.3 of the Arkansas Rules of Criminal Procedure?
It is my opinion that the "certified over" procedure that is referred to in Attorney General Opinion No. 82-104 is not the same thing as the first appearance procedure of Rule 8.3 of the Arkansas Rules of Criminal Procedure.
Opinion No. 82-104 stated:
 `County prisoner' also includes those persons who have been convicted of a misdemeanor and sentenced to a term of imprisonment in the county jail (A.S.A. § 41-902, supra) and those persons who have been incarcerated while awaiting trial on felony charges which have been `filed direct' or have been `certified over' to circuit court after a preliminary hearing. (See A.S.A. § 46-403).
The source of the term "certified over," as used in the above-quoted portion of Opinion No. 82-104, is unclear. That precise term does not appear in the Arkansas Code or in the Arkansas Rules of Criminal Procedure. However, the term is routinely used to refer to the process whereby a municipal court transfers a case to circuit court if the case is one over which the municipal court cannot exercise jurisdiction because the offense in question is a felony. Typically, a case is not "certified over" at the "first appearance" that is made pursuant to Rule 8.3. Rather, the case is normally "certified over" at a probable cause hearing that is held later. For this reason, I do not interpret Opinion No. 82-104 to have used the term "certified over" in a manner that is synonymous with the first appearance procedure of Rule 8.3.
Opinion No. 82-104 made reference to the "certified over" process in the context of responding to the question of what constitutes a "county prisoner." The opinion simply noted that persons whose cases have been "certified over" should be deemed "county prisoners." It does not appear that Opinion No. 82-104 was addressing the particular question of when a prisoner should first be deemed a county prisoner. It is my understanding that this is the real issue out of which your questions arise. That is, it is my understanding that you are concerned with the issue of how to determine whether a prisoner is a county prisoner or a city prisoner for purposes of allocating the costs of his incarceration.
Some particular confusion seems to surround this issue in cases that have been "certified over." In order for such cases to go forward, the prosecutor must file felony charges against the defendant. When the prosecutor delays in filing charges, it is unclear whether the prisoner is the responsibility of the county or of the municipality that originally arrested him.
As explained more fully in response to Question 2, it is my opinion that a prisoner should be the responsibility of the entity that has the authority to prosecute him, and that entity should therefore pay the costs of his incarceration. In my opinion, a determination of who has the authority to prosecute a particular defendant can usually be made at the time of arrest. Accordingly, neither the time of "first appearance," nor the time at which a case is "certified over" is decisive of this issue.
Question 2 — If the response to Question 1 is yes, does Opinion No. 82-104 stand for the proposition that once this Rule 8.3 procedure occurs, the county is thereafter financially responsible for the incarceration costs of such incarcerated persons even though such incarcerated persons were initially arrested by city police officers and even though felony informations have not yet been filed against such incarcerated persons by the prosecuting attorney?
As indicated in response to Question 1, it is my opinion that the "first appearance" procedure and the "certified over" procedure are not synonymous. As also indicated, it is my opinion that neither of these procedures is the point at which a prisoner is usually determined to be either a county prisoner or a city prisoner for purposes of allocating the costs of incarceration. Rather, it is my opinion that this determination can usually be made at the time of arrest. In any event, the determination, in my view, should turn on the question of who has the authority to prosecute the individual.
In considering the issue of the allocation of incarceration costs, it must first be noted that counties and cities can enter into an agreement concerning these costs. A.C.A. § 12-41-506. If a county and city have entered into such an agreement, the terms of that agreement will govern the allocation of costs. If the county and city have not entered into such an agreement, the county can charge the city a daily fee for housing "prisoners of the municipality" in the county jail. Id. More specifically, the statute states in pertinent part:
12-41-506. Expenses of municipal prisoners held in county jails.
 (a)(1) In the absence of an agreement on jail costs between a county and all municipalities having law enforcement agencies in the county, the quorum court in a county in this state may by ordinance establish a daily fee to be charged municipalities for keeping prisoners of municipalities in the county jail.
 (2) The fee shall be based upon the reasonable expenses which the county incurs in keeping such prisoners in the county jail.
 (b)(1) Municipalities whose prisoners are maintained in the county jail shall be responsible for paying the fee established by the quorum court in the county.
 (2) When a person is sentenced to a county jail for violating a municipal ordinance, the municipality shall be responsible for paying the fee established by an agreement or ordinance of the quorum court in the county.
 (3) Municipalities may appropriate funds to assist the county in the maintenance and operation of the county jail.
A.C.A. § 12-41-506(a) and (b).
The statute does not define the phrase "prisoners of the municipality," as used therein. A determination of the meaning of the phrase is therefore necessary in order to determine whether it is appropriate for the county to charge the city a fee for housing particular prisoners.[1]
As you note in your correspondence, Attorney General Opinion No. 91-409
expressed the view that incarcerated persons who were initially arrested by the city police remain prisoners of the municipality until felony charges are filed against them. This view is also reflected in Opinions Nos. 97-299, 97-006, 96-249, and 91-040.
It is my opinion that a better and more precise view is that persons who are initially arrested by the city police are "prisoners of the municipality" if the city has the authority to prosecute them. This determination can usually be made at the time of arrest on the basis of the offense for which the individual is arrested. If the individual is arrested for an offense that is a felony (or any other offense that the city does not have authority to prosecute), the city cannot prosecute him. This fact is known at the time of arrest. That prisoner, therefore, becomes a prisoner of the county at the time of arrest. If, on the other hand, the individual is arrested for a misdemeanor offense that the city has authority to prosecute, the fact that the city can prosecute him is known at the time of arrest. He therefore becomes a prisoner of the municipality at the time of arrest. To the extent that any previous opinions of this office have implied otherwise, they are hereby superseded.
I base my view of this matter upon a common sense interpretation of the intent of the cost-sharing statute (A.C.A. § 12-41-506). Cities are clearly required to pay the costs they would incur if they had the facilities to incarcerate the prisoners whom they have the authority to prosecute. Because cities do not have the authority to prosecute felony offenses (unless appointed to do so by the county prosecutor), they should not be held responsible for the costs of housing a prisoner who has been arrested for a felony and who would therefore be prosecuted by the county prosecutor. Because only the county prosecutor has the authority to prosecute that prisoner, the county should bear the costs of incarcerating him.[2]
The above-stated conclusions are, of course, easy to apply in situations involving a prisoner who is charged with or is arrested for only one offense. I acknowledge that more complex situations frequently arise, and in fact, may be more typical. For example, an individual may be arrested for violation of a city ordinance, and it is later learned that there is a warrant out for his arrest on a felony charge. Another example would be a situation in which an individual is arrested for a misdemeanor, but is later charged with a felony. It is my opinion that in these situations, the city and the county must share the costs of incarceration for the period of time during which it is assumed that the both entities will be prosecuting the individual. As soon as it becomes apparent that the county also has the authority to prosecute the individual, the city and the county will both become responsible for the costs of incarceration and must share that responsibility. As soon as either entity indicates that it does not intend to prosecute the individual, the other entity will bear the full responsibility for the incarceration costs, if it can (and intends to) prosecute the individual. Thus, in the foregoing examples, the city would bear the full responsibility for the cost of incarcerating an individual who has already been arrested for violation of a city ordinance until it is learned that there is a warrant out for the individual's arrest on a felony charge. At that point, the city and the county will share the responsibility for the cost of incarcerating the individual until either entity indicates that it does not intend to prosecute the individual. At that point, the other entity will bear the full responsibility for incarceration costs. Similarly, in the case of the individual who has already been arrested for a misdemeanor but is later charged with a felony, the city will bear the full responsibility for the incarceration costs until the individual is charged with the felony, at which time the county and the city will share the responsibility for those costs. When either entity indicates that it does not intend to prosecute the individual, the other entity will bear the full responsibility for the cost of incarcerating him. Again, the determination will turn on the question of who has the authority to prosecute the individual. If both entities have such authority and both intend to prosecute, then both should bear the cost of incarcerating the individual until such time as they indicate that they do not intend to prosecute.
Question 3 — If the response to Question 2 is yes, is there any conflict between Opinion No. 82-104 and Opinion No. 91-409 in which the opinion was expressed that a prisoner arrested by city police remained a city prisoner until felony charges were filed against the prisoner?
It is unclear, in my opinion, whether Opinion No. 82-104 and Opinion No.91-409 were actually addressing the same issue and whether the question of a conflict between them is pertinent. In any event, this question is now moot in light of the position I have taken on the issue of how to determine whether a prisoner is the responsibility of the city or of the county.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I have recently opined that in the absence of an agreement to the contrary between the city and the county, the county becomes responsible for the costs of a prisoner upon delivery of that prisoner to the county. See Op. Att'y Gen. No. 2001-293. That opinion addressed initial
responsibility for paying claimants, rather than the ultimate allocation of costs between the city and the county. It should be noted that if the cost in question is for a service to which the prisoner is constitutionally entitled, such as medical care, and the service would not be provided if the county did not pay the cost, the county should pay the cost initially, even though recovery from other sources may be obtained later.
[2] This conclusion would, of course, be impacted if the county prosecutor appointed the city attorney to prosecute the defendant.